## John W. Larry vs. John Sherburne.

In an action to recover the price of labor, in which the defence is that the labor was per-- formed on the credit of a third person, evidence of an offer by such third person, after the commencement of the action, to pay the plaintiff for the same is incompetent; and the admission of such evidence is sufficient ground for setting aside a verdict in favor of the defendant, although the jury were instructed that, if the work was done for the defendant, the plaintiff was not bound to accept payment from any one else, and that, in such case, no offer of payment by a third person should have the slightest influence upon their judgment.

CONTRACT for labor performed, originally brought before the justices' court of the city of Boston. Trial in the superior court before *Lord*, J., who, after a verdict for the defendant, allowed a bill of exceptions, the material portions of which are as follows:

" The defendant called Daniel Cram as a witness, who testi- fied that the work was done by the plaintiff at his request and upon his credit, and that he had several interviews with the plaintiff upon the subject, and that he had an interview and conversation with him on the day of the trial of this action in the justices' court, in which he offered to pay him the whole amount of the bill in cash, having before that time also offered to pay it. This evidence was objected to, but admitted. The presiding judge instructed the jury that, if the work was done for the defendant, the plaintiff was not bound to accept pay- ment from any one else; and that no offer of payment by Cram, or tender by him, should have the slightest influence upon their judgment, if the work was done for the defendant."

*L. Gray*, for the plaintiff.

*A. Russ*, for the defendant.

BIGELOW, C. J. The instructions under which this case was submitted to the jury allowed them to take into consideration an offer by a third person to pay a debt, as a fact which had a material bearing on the question whether the defendant origi- nally contracted and was liable to pay the claim for which this action is brought. This, it seems to us, was clearly erroneous.

Such offer was, strictly speaking, *res inter alios,* and had no tendency to show that the plaintiff ought not to recover in this action. A readiness by a third person to pay a debt does not prove, or justly lead to an inference, that another person is not legally liable. It is an irrelevant and immaterial fact, having no legitimate bearing on the issue, and quite as consistent with the original liability of the defendant as with the allegation that he never promised to pay the debt. At the same time, the proof of such a fact would naturally tend to prejudice and mislead the jury from the real question before them. The case would have stood very differently, if it had appeared that, in the conversation which took place between the plaintiff and the witness who made the offer, there was anything said which tended to prove an admission that the witness was liable for the debt, or an acknowledgment, ever so slight, from which it might be inferred that the offer was recognized by the plaintiff, or assented to by him, directly or indirectly, so as to have any bearing on the question of the liability of the present defendant. But it does not appear that there was anything said or done by the plaintiff, at the interview at which such offer was made, which had any connection with or relation to the right to maintain this action against the defendant, as the party originally liable for the debt. There is, therefore, nothing to show that the evidence of the offer to pay could have any effect as an admission. It is true that there are cases where a party may be affected in his rights by proof of a silent acquiescence in the verbal statements of others. But such evidence is always to be received and applied with great caution, especially where it appears, as in this case, that the statements are made, not by a party to the controversy, but by a stranger. There are many cases where the intervention of a third person may properly be deemed unnecessary, and his statements be regarded as immaterial and impertinent To them no reply need be made ; and no inference can be drawn from the fact that they are received in silence. Of this character is an offer by a third person to pay a debt to a party who claims that it is due to him solely from another person, against whom he is seeking to enforce it. A

mere omission to reply to such an offer cannot legitimately be taken as an admission which can in any way affect the right of the party to maintain an action against him whom he seeks to charge as his original debtor. See 1 Greenl. Ev. § 199 ; *Commonwealth* v. *Kenney*, 12 Met. 235, 237. *Exceptions sustained.*